## David Magen Builder, Inc., v. Wilson, Mayor, et al.

*Benjamin Greenstein, Sol Brody* and *Frank Fogel*, for plaintiffs.

*Philip Werner Amram* and *G. Coe Farrier*, assistant city solicitor, for defendants.

BOK, P. J., July 2, 1938.—Plaintiff, in its bill in equity, alleges that it is the owner of several tracts of ground near Bryn Mawr and City Avenues, Philadelphia, upon which it has built and is building for sale detached, individual dwellings. The neighborhood is said to be predominantly residential, and is zoned as "A Residential". The defendant Bala Court Apartment Corporation owns

a lot at Bryn Mawr and City Avenues, upon which the erection of an apartment house is contemplated. It is further alleged that recently the City of Philadelphia amended its zoning law, and classified the Bala Court tract, which had formerly been "A Residential", as "D Residential", and a small part of it as "A Commercial". This, the bill continues, is inharmonious with the remainder of the neighborhood, and will impair the value of plaintiff's property.

We are prayed to declare unconstitutional the zoning amendment which classified the Bala Court tract as "D Residential" and "A Commercial".

The answer of defendant Bala Court denies that the neighborhood is predominately one of single-family residences, and avers on the contrary that there are in it many apartment houses and business places. It is contended that the Bala Court tract cannot be used for "A Residential" purposes and is valuable only as an apartment site, which use will not diminish the value of plaintiff's property. The amended ordinance is thus sought to be justified. . . .

### Discussion

This case, in our opinion, is ruled by the principle laid down by the Superior Court in Heubner et ux. v. Philadelphia Saving Fund Society et al., 127 Pa. Superior Ct. 28 (1937). The court wrote at page 34:

". . . there is a clear implication running through them [the zoning cases] that a single lot with a building thereon is not a proper area to be classified as a district in itself. Such a restriction results in discrimination, in that it does not bear alike on all persons living in the same territory, and cannot be sustained under the exercise of police power. . . . It would seem to follow that a corner lot with a single house thereon is an unreasonable discrimination."

It is true that the facts in the Heubner case are different from the one at bar. There the entire neighborhood was classified as "C Residential", and actually was

exclusively residential, with the exception of a park and a children's home. Here, however, the properties along City Line Avenue for several blocks on each side of defendant's property consist predominantly of automobile service stations, stores, and apartment houses. On the other side of City Line Avenue, Lower Merion Township has zoned the area to a depth of 100 feet as commercial. Yet, save defendant's one tract, the district thereabout is zoned as "A Residential", which more properly befits only the portion beginning a few hundred feet back from City Avenue. Thus an entire district, including defendant's property, could and should be classified as defendant's now is, whereas in the Heubner case, defendant's lot and building would have stood alone, in classification and actually, as the one commercial property in the vicinity.

As I read the Heubner case, the Superior Court intended to state a general rule which warrants departure only when the facts clearly fail to fall in line. Despite the differences, I do not feel they do here. City Line Avenue in this area is in the inevitable path of commercial progress, and its orderly development would indicate the wisdom of city council doing what the township commissioners did on the other side of the street, that is, zone it as commercial for 100 feet west of the avenue and as some degree of residential for 100 feet back of that. On the city side the zoning is spotty, and to classify defendant's one lot, partly as one thing and partly as another, not only adds to the confusion but stores up trouble for the future.

As was pointed out in the Heubner decision, at page 35, Taylor v. Haverford Twp., 299 Pa. 402 (1930), urged by plaintiff as determinative in its favor, is not apposite, for in the Taylor case, "The court did not decide . . . that the lot should be made a district in itself, but held that it should be classified as part of the commercial district which it adjoined and to which it properly belonged. In the instant case, the lot classified as commercial is concededly entirely surrounded by residential area."

I am not impressed by plaintiff's argument that the proposed apartment house is obnoxious. It represents the logical development of our rather unintelligent urban life, and the worst that can be said of it is that home owners are probably better off with a buffer of apartment houses between them and a commercial district than they are without it. Be that as it may, city council should go about its business with a greater sense of the unified development of the whole area. Its action in creating a one-lot district offends the salutary rule of the Huebner case, and my decision rests on that alone.

Attention is directed to the part of the Huebner opinion which reads, "there may be particular circumstances of hardship or of necessity that, if established, would allow the board to grant a permit for nonconforming uses".

### Conclusions of law

1. The change of zoning classification of the frontage of 150 feet on Bryn Mawr Avenue, owned by defendant, from class "A Residential" to class "D Residential", was arbitrary and unreasonable.

2. The action of the City Council of Philadelphia in passing a special ordinance changing the general classification of a single lot in a district is arbitrary, unconstitutional, unreasonable, discriminatory, null and void.

3. A single lot is not a proper area to be classified as a district in itself.

4. The change in classification of a single piece of property is invalid and discriminatory if the said change is at variance with the general scheme of the zoning of the immediate neighborhood.

5. A zoning regulation which does not operate on all alike cannot be justified as a proper exercise of the police power of a municipality.

6. A regulatory ordinance of a municipality must be uniform, fair, and impartial in its operation, and cannot discriminate against those of the same class.

7. Zoning, to accomplish its purpose, must maintain the integrity of the zones, unless compelling reasons warrant a change.

## Decree nisi

And now, July 2, 1938, upon consideration of the foregoing case, it is ordered, adjudged, and decreed as follows:

1. That John H. Neeson, Chief Engineer of the Bureau of Engineering, Surveys, and Zoning, be and he hereby is directed to place upon the zoning map of the City of Philadelphia a reclassification of the property of defendant, Bala Court Apartment Corporation, as class "A Residential".

2. That defendant, Bala Court Apartment Corporation, or anyone in its behalf, be and it is hereby enjoined from applying for a permit from the Bureau of Engineering, Surveys, and Zoning for the use of the property of defendant Bala Court Apartment Corporation in any other manner than is listed in class "A Residential", and more particularly for any use other than is listed in class "A Residential" of the Zoning Ordinance of City Council, approved August 10, 1933.

3. That defendants, S. Davis Wilson, Mayor of the City of Philadelphia; Andrew J. Emanuel, Director of the Department of Public Safety; Martin J. McLaughlin, Director of the Department of Public Works of the City of Philadelphia; John H. Neeson, Chief Engineer of the Bureau of Engineering, Surveys, and Zoning of the City of Philadelphia, and Charles A. Flanagan, Chief of the Bureau of Building Inspection of the City of Philadelphia, be and they are hereby enjoined from issuing a permit by virtue of the ordinance of city council, effective on March 26, 1938, to any person, persons, firm or corporation for the use of the property of defendant, Bala Court Apartment Corporation, other than as class "A Residential", and more particularly for any use other than is listed in class "A Residential" of the Zoning Ordinance of City Council, approved August 10, 1933.